# WAIVER OF SERVICE OF SUMMONS

To:   Jennifer Martin Foster, Esq.,
      Counsel for Plaintiffs
      Environmental Packaging Technologies, Inc. and
      Thomas P. Hambleton

I acknowledge receipt of your request that I waive service of a summons in the action of *Environmental Packaging Technologies, Inc. and Thomas P. Hambleton v. William D. Ewing, Enviro-Media, Inc., and Joseph Tomlinson,* which is case number 04 CV 11587 WGY in the United States District Court for the District of Massachusetts, Eastern Division. I also acknowledge receipt of a copy of the Complaint in the action, and I have in my possession a copy of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity and persons on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

The entity and persons on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the parties on whose behalf I am acting if an answer or motion under rule 12 is not served upon you within 60 days after July 20, 2004.

Dated: August 10, 2004   _____
                           Signature

Printed/typed name:   John R. Skelton
                      Melissa G. Liazos
                      as counsel for Enviro-Media, Inc., William D. Ewing, and Joseph Tomlinson
                      of Bingham McCutchen LLP
                      150 Federal Street
                      Boston, Massachusetts  02110

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.