# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . .
                                        .
ENVIRONMENTAL PACKAGING                 .
TECHNOLOGIES, INC. and                  .
THOMAS P. HAMBLETON,                    .
                                        .
                        Plaintiffs,     .           CIVIL ACTION
                                        .           NO. 04-CV-11587-WGY
        v.                              .
                                        .
WILLIAM D. EWING, ENVIRO-MEDIA,         .
INC.  and JOSEPH TOMLINSON,             .
                                        .
                        Defendants.     .
. . . . . . . . . . . . . . . .

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIM

Plaintiffs and defendants-in-counterclaim Environmental Packaging Technologies, Inc. ("EPT") and Thomas P. Hambleton ("Hambleton") (collectively, "Plaintiffs") hereby reply to the counterclaim of defendants and plaintiffs-in-counterclaim William D. Ewing ("Ewing"), Enviro-Media, Inc. ("EM") and Joseph Tomlinson ("Tomlinson") (collectively, "Defendants") as follows:

The introductory paragraphs of the counterclaim contain Defendants' narrative characterization of this case, and as such no response is required.  To the extent a response is required, the allegations of the introductory paragraphs are denied.

### PARTIES

1.      Plaintiffs admit that EM is incorporated in the State of Florida, with a principal place of business in Providence, Rhode Island.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

## JURISDICTION AND VENUE

6.      Paragraph 6 states legal conclusions to which no response is required.

7.      Paragraph 7 states legal conclusions to which no response is required.

## RELEVANT FACTS

8.      Plaintiffs admit that Ewing is an inventor and owns certain patents.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8.

9.      Plaintiffs admit that Ewing is the sole shareholder of EM.  Plaintiffs also admit that Tomlinson has worked with Ewing regarding the development of the Product.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9.

10.      Plaintiffs admit that Ewing engaged in certain discussions with potential manufacturers regarding licensing the right to manufacture the Product.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10.

11.      Plaintiffs are without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12.      Plaintiffs admit that Hambleton met with Ewing to discuss the possibility of Hambleton working with Ewing to develop licensing agreements for the Product.  The remaining allegations in Paragraph 12 are denied.

13.     Denied.

14.     Plaintiffs admit that Hambleton and Ewing met with prospective licensees in an attempt to structure potential licenses for the Product.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14.

15.     Plaintiffs admit that Hambleton presented Ewing with proposals regarding their potential business relationship.  The remaining allegations in Paragraph 15 are denied.

16.     Plaintiffs admit that together Hambleton and Ewing created business strategies and a potential revenue structure for licensing the Product.  The remaining allegations in Paragraph 16 are denied.

17.     Plaintiffs admit that Ewing experienced certain health issues.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of Paragraph 17.  The remaining allegations in Paragraph 17 are denied.

18.     Plaintiffs admit that EM is incorporated in the State of Florida.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18.

19.     Plaintiffs admit that Hambleton and Ewing agreed to a business arrangement and together they took certain steps to form EPT.  To the extent that the allegations in Paragraph 19 attempt to characterize the content of a written document, Plaintiffs state that such document speaks for itself, and Plaintiffs deny any allegations inconsistent with same.  The remaining allegations in Paragraph 19 are denied.

20.     To the extent that the allegations in Paragraph 20 attempt to characterize the content of written documents, Plaintiffs state that such documents speak for themselves, and

Plaintiffs deny any allegations inconsistent with same. The remaining allegations in Paragraph 20 are denied.

21.     To the extent that the allegations in Paragraph 21 attempt to characterize the content of written documents, Plaintiffs state that such documents speak for themselves, and Plaintiffs deny any allegations inconsistent with same. The remaining allegations in Paragraph 21 are denied.

22.     Plaintiffs are without sufficient knowledge or information to admit or deny the allegations in the first sentence in Paragraph 22. Plaintiffs admit that Hambleton and Ewing worked together. The remaining allegations in Paragraph 22 are denied.

23.     Plaintiffs admit that Hambleton and Ewing often met prior to meetings with potential licensees to discuss the strategy for the meeting. The remaining allegations in Paragraph 23 are denied.

24.     To the extent that the allegations in Paragraph 24 attempt to characterize the content of written documents, Plaintiffs state that such documents speak for themselves, and Plaintiffs deny any allegations inconsistent with same. The remaining allegations in Paragraph 24 are denied.

25.     To the extent that the allegations in Paragraph 25 attempt to characterize the content of written documents, Plaintiffs state that the November 6, 2002 letter and its drafts speak for themselves, and Plaintiffs deny any allegations inconsistent with same. The remaining allegations in Paragraph 25 are denied.

26.     Plaintiffs admit that Hambleton and Ewing agreed to base compensation on gross revenue rather than net revenue and that the November 6, 2002 letter reflected the parties' agreement. To the extent that the allegations in Paragraph 26 attempt to characterize

the content of a written document, Plaintiffs state that the November 6, 2002 letter speaks for itself.  The remaining allegations in Paragraph 26 are denied.

27.    Plaintiffs admit that Hambleton and Ewing agreed to change the date of the November 6, 2002 letter to May 15, 2002.  The remaining allegations in Paragraph 27 are denied.

28.    Paragraph 28 states legal conclusions to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations in Paragraph 28.

29.    Denied.

30.    Plaintiffs are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 30.  Plaintiffs admit that Tomlinson contacted Hambleton regarding potential licensees of the Product.  The remaining allegations in Paragraph 30 are denied.

31.    Plaintiffs admit that Hambleton had conversations with Tomlinson regarding licensing of the Product and Tomlinson's involvement.  The remaining allegations in Paragraph 31 are denied.

32.    Plaintiffs admit that Tomlinson looked at alternative Product distribution models.  Plaintiffs also admit that Tomlinson interjected himself into the negotiations with prospective suppliers of base material and coaters.  The remaining allegations in Paragraph 32 are denied.

33.    Denied.

34.    Plaintiffs admit that Hambleton was aware that Tomlinson looked at alternative Product distribution models.  The remaining allegations in Paragraph 34 are denied.

35.     Plaintiffs admit that Tomlinson met with a potential licensee regarding the Product, and that Hambleton also met with the potential licensee.  The remaining allegations in Paragraph 35 are denied.

36.     Plaintiffs admit that Tomlinson looked at alternative Product distribution models.  The remaining allegations in Paragraph 36 are denied.

37.     Plaintiffs admit that Hambleton contacted potential Asian manufacturers concerning a license to manufacture the Product and that one manufacturer expressed interest in a license.  The remaining allegations in paragraph 37 are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## CLAIMS

## COUNT I

### (Declaratory Judgment)

42.     The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

43.     Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations of Paragraph 43.

## COUNT II

### (Fraud/Intentional Misrepresentation)

44.    The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

45.    Denied.

## COUNT III

### (Negligent Misrepresentation)

46.    The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

47.    Denied.

## COUNT IV

### (Fraudulent Inducement)

48.    The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

49.    Denied.

## COUNT V

### (M.G.L. ch. 93A, § 11)

50.    The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

51.    Hambleton admits that he is engaged in commerce in the Commonwealth of Massachusetts.  Plaintiffs deny the remaining allegations contained in Paragraph 51.

## COUNT VI

### (Accounting)

52.     The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

53.     Denied.

## COUNT VII

### (Breach of contract)

54.     The Plaintiffs incorporate by reference each of the previously numbered paragraphs of their Answer as if fully set forth herein.

55.     Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendants' claims, in whole or in part, are barred by their own wrongful conduct.

### Third Affirmative Defense

Defendants' claims, in whole or in part, are barred by their own breach of contract.

### Fourth Affirmative Defense

Defendants failed to mitigate their damages, which failure bars or reduces any recovery by Defendants.

**<u>Fifth Affirmative Defense</u>**

Defendants' damages, if any, should be set-off by the amounts owed to the Plaintiffs.

**<u>Sixth Affirmative Defense</u>**

Defendants' claims are barred because of Defendants' lack of reliance or detrimental reliance on any act, omission, statement or representation of Plaintiffs, or which the Counterclaim purports to attribute to Plaintiffs, and further because any reliance, which Plaintiffs deny, would not be reasonable.

**<u>Seventh Affirmative Defense</u>**

Defendants' claims are barred, in whole or in part, because the alleged conduct of Plaintiffs was not unfair and was undertaken in good faith for a valid business purpose.

**<u>Eighth Affirmative Defense</u>**

The Defendants' claims are barred by the doctrine of unclean hands, waiver, estoppel, release, fraud, deceit and misrepresentation.

**<u>Ninth Affirmative Defense</u>**

The alleged claims are barred, in whole or in part, for failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b), with respect to allegations of misrepresentation and any other fraud-based claims.

**<u>Tenth Affirmative Defense</u>**

Defendants' claim for relief pursuant to M.G.L. c. 93A is barred because the events, transactions and occurrences that are the subject of that claim did not occur primarily and substantially in the Commonwealth of Massachusetts.

**<u>Eleventh Affirmative Defense</u>**

Plaintiffs reserve the right, subject to Court approval, to amend their Answer, including the statement of affirmative defenses at the conclusion of discovery.


**<u>JURY DEMAND</u>**

**PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

<div style="margin-left:40%">

Respectfully submitted,

**ENVIRONMENTAL PACKAGING TECHNOLOGIIES, INC. and THOMAS P. HAMBLETON,**

By their attorneys,


<u>/s/ Jennifer Martin Foster</u>
Gary R. Greenberg, BBO #209420
Joseph P. Davis III, BBO # 551111
Jennifer Martin Foster, BBO# 644796
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

</div>

Dated:  October 15, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer Martin Foster, hereby certify that on this 15 day of October, 2004, I served

the attached ANSWER TO DEFENDANTS' COUNTERCLAIM, by mailing copies thereof,

postage prepaid to:

     John R. Skelton, Esq.
     Melissa G. Liazos, Esq.
     Bingham McCutchen LLP
     150 Federal Street
     Boston, MA 02110

<div align="right">

/s/ Jennifer Martin Foster
Jennifer Martin Foster

</div>

150843