UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL PACKAGING TECHNOLOGIES, INC. AND THOMAS P. HAMBLETON,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM D. EWING, ENVIRO-MEDIA, INC., AND JOSEPH TOMLINSON,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-CV-11587-GAO |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Upon agreement of the parties, plaintiffs Environmental Packaging Technologies, Inc. and Thomas P. Hambleton., and defendants William D. Ewing, EnviroMedia, Inc. and Joseph Tomlinson, the Court hereby enters this Protective Order, governing the production and exchange of all documents, testimony, interrogatory answers, and other information produced, given, or exchanged by and among the parties and third parties. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ordered as follows:

Purpose and Scope

1.      Discovery in this action will involve disclosure of confidential and proprietary technical, business, and financial information. This order is entered to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. This order shall govern all information (whether in writing, in electronically readable form, or otherwise), documents, testimony, interrogatories, responses to requests for admission, deposition transcripts and exhibits, and other material produced, given, filed, or otherwise used in the course of pretrial discovery and other proceedings in this action,

and any pleadings, motions, briefs, affidavits, or other filings incorporating such information (collectively, "discovery material").

<u>Applicability</u>

2. This order shall apply to (i) parties presently in and parties later joined in this action, including, in the case of parties other than individuals, their officers, directors, employees, and agents and (ii) any other person or entity who produces discovery material in this action.

<u>Designation of Materials</u>

3. A party producing discovery material may designate such material that is kept confidential by the party and not available to the public as "Confidential." A party designating material as Confidential shall mark each page of the copy that is produced or exchanged "CONFIDENTIAL."

4. A party producing discovery material may designate as "Attorneys' Eyes Only" discovery material which is otherwise Confidential if such material (i) contains or constitutes technical or scientific product or product development information or other technical or scientific information, created after March 8, 2004, or (ii) concerns the technical or scientific aspects of the product being developed which consists of a base material to which a coating could be applied (the "Product"), which was not previously shared with Mr. Hambleton and is of such a sensitive nature that disclosure to persons other than those identified in Paragraph 7 could reasonably be expected to result in injury to the producing party. A party designating a document as containing Attorneys' Eyes Only information shall mark each page of the copy that is produced or exchanged "ATTORNEYS' EYES ONLY."

<u>Disclosure and Use</u>

5. Except with the prior written consent of the producing party or upon prior order of the Court, a receiving party shall not (i) disclose Confidential or Attorneys' Eyes Only discovery material except in accordance with the terms, conditions, and restrictions of this order, or (ii) use Confidential or Attorneys' Eyes Only discovery material for any purpose (including without limitation any business or commercial purpose) other than for the purpose of the immediate

action, settlement discussions and negotiations in connection with this action, any form of alternative dispute resolution of this action, and any appellate proceedings in this action.

6. Except with the prior written consent of the producing party or by further order of the Court and subject to Paragraph 8, below, a receiving party shall not disclose, directly or indirectly, any material designated "Confidential" to persons other than the following persons:

    a.    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition;

    b.    Counsel of record and in-house counsel for the parties, including legal assistants, paralegals, secretarial and clerical employees, law clerks, employees of such counsel, and outside services (including without limitation copy services, litigation consulting services, document management services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the action;

    c.    Independent experts and consultants retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of the action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the action;

    d.    Authors or recipients of the material, as evidenced by the material itself, in that if it is to, from, or copied to that person, or as evidenced by other documents or testimony; and

    e.    The parties themselves, including officers and/or employees of each party who have a bona fide need to see the material, solely for the purpose of prosecuting, defending, and/or appealing the action.

7. Except with the prior written consent of the producing party or by further order of the Court and subject to paragraph 8, below, a receiving party shall not disclose, directly or indirectly, any material designated "Attorneys' Eyes Only" to persons other than the following persons:

    a.    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition;

    b.    Counsel of record, excluding in-house counsel, for the parties, including legal assistants, paralegals, secretarial and clerical employees, and outside services (including without limitation copy services, litigation consulting services,

    document management services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the action;

c.     Independent experts and consultants retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of the action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the action; and

d.     Authors or recipients of the material, as evidenced by the material itself in that if it is to, from, or copied to that person, or as evidenced by other documents or testimony.

Further Disclosure Procedures

8.     Any person other than the Court and Court personnel, counsel of record, and persons assisting counsel of record, who is to be given access to Confidential or Attorneys' Eyes Only discovery material pursuant to Paragraphs 6 or 7 shall read this order and sign an undertaking, in the form attached as Exhibit A, indicating that he/she has read this order and will abide by its terms.

*Designation of Testimony by Producing Party or Witness*

9.     The transcript of each deposition taken in this action shall be treated in its entirety as Confidential discovery material for a period of thirty (30) days after receipt of the transcript. Information disclosed during depositions may be designated as Confidential or, if appropriate, Attorneys' Eyes Only discovery material by indicating on the record at the deposition the portion of the testimony that contains Confidential or Attorneys' Eyes Only information. At the conclusion of the deposition, counsel shall review in good faith any Confidential or Attorneys' Eyes Only designations made at the deposition, and determine whether counsel still wishes to designate those portions of the testimony as Confidential or Attorneys' Eyes Only. To the extent counsel wishes to designate portion as Confidential, counsel shall also indicate the specific pages and lines of the transcript that it asserts contain confidential information. If counsel does not remove the Confidential or Attorneys' Eyes Only designations made during the deposition, these designations shall remain. If no further designation is made within thirty (30) days from receipt of the transcript, then those portions of the transcript not designated as Confidential or Attorneys'

Eyes Only at the deposition shall not be considered Confidential or Attorneys' Eyes Only, respectively. A party may challenge the designation of deposition testimony and information as Confidential or Attorneys' Eyes Only as provided in paragraph 14.

## Court Filings

10. The Clerk of the Court is directed to maintain under seal all documents, including transcripts of deposition testimony, answers to interrogatories, responses to request for admissions, affidavits, exhibits, briefs, and memoranda, filed with the Court that have been designated, in whole or in part, as Confidential or Attorneys' Eyes Only, and filed in a sealed envelope as provided in the following paragraph.

11. In the event that a party wishes to use any Confidential or Attorneys' Eyes Only information in, or as an exhibit to, any paper filed with the Court, the submitting party shall advise in advance all other parties of same, and shall prepare and circulate to all other parties in advance of the submission a draft Assented-To Motion For Impoundment, requesting impoundment of the materials to be submitted pursuant to Local Rule 7.2. Parties receiving this notice and draft Motion shall not unreasonably withhold their assent to the Motion. The Motion shall be filed in advance of, or together with, the paper containing the Confidential or Attorneys' Eyes Only information. The paper shall be filed in a sealed envelope or container stating (i) the caption of the litigation, (ii) a description of the contents of the envelope or container, and (iii) a statement substantially in the following form:

> RESTRICTED. THIS ENVELOPE [OR CONTAINER] CONTAINS CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS TO BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT OR CONSENT OF THE PARTIES.

If the Motion for Impoundment is granted, the envelope or container shall be maintained under seal by the Clerk in accordance with the Court's order. If the Motion for Impoundment is denied, the Clerk shall return the envelope or container immediately to the submitting party.

## Return of Discovery Material

12. Within sixty (60) days after the entry of a final judgment in this action, from which no appeal has been or can be taken, all documents and all reproductions of Confidential or Attorneys' Eyes Only documents produced by any party that are in the possession, custody, or control of another party, its attorneys, or consultants shall be either returned to the producing party or destroyed, unless the Court orders otherwise. Counsel for the parties, however, shall be entitled to retain their own litigation documents including exhibits and their own memoranda containing Confidential Information or Attorneys' Eyes Only Information, as well as publicly-filed pleadings in this matter, but such litigation documents and memoranda shall be used only for the purpose of preserving a file for this action, and shall not, without written permission of the parties or an order of the Court, be disclosed to anyone other than counsel. The attorney for each party shall either deliver the documents and reproductions or provide a written certification to the attorney for the other party that all such documents have been destroyed. As far as the provisions of this or any other protective order entered in this action restrict the communication and/or use of any documents or information produced or disclosed thereunder, this order shall continue to be binding at the conclusion of this litigation except:

a. Confidential or Attorneys' Eyes Only documents that are used as exhibits in Court may be resealed at the request of either party; and

b. on such conditions as this Court may prescribe to maintain the confidentiality.

## No Waiver

13. The authorization for the parties to designate any information as Confidential or Attorneys' Eyes Only discovery material is intended solely to facilitate the preparation and litigation of the claims between the parties, and this designation shall not be construed in any way as an admission or agreement by an opposing party that such information constitutes or contains Confidential, Attorneys' Eyes Only, or secret information.

14. Entry of this order does not preclude the receiving party from filing a motion contesting the producing party's claim that certain material is Confidential, Attorneys' Eyes Only,

privileged, or otherwise protected. A party shall not be obligated to challenge the propriety of any Confidential or Attorneys' Eyes Only designation at the time made, and failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party disagrees at any stage of these proceedings with such a designation, the party shall first request in writing that the producing party modify or withdraw the designation. If the producing party does not agree to change the designation within five (5) business days, the party requesting the modification may apply to the Court for relief. The producing party shall have an opportunity to respond to any requests for relief. The burden of proving that the information has been properly classified shall be on the party making the designation.

### Unauthorized Disclosure

15. If Confidential or Attorneys' Eyes Only discovery material is disclosed to any person other than in the manner authorized by this order, the disclosing party (or person, if not a party) must immediately bring all pertinent facts relating to the disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a good faith effort to retrieve the material and prevent further disclosure.

### Further Motions Not Precluded

16. Entry of this order shall be without prejudice to any other motion for further restriction on the production, exchange, or use of any document or other information in the litigation of any claim or action between or involving the parties to this litigation.

### No Restrictions on Admissibility or Use

17. Nothing in this order shall restrict the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts. Moreover, nothing in this order prevents counsel from utilizing Confidential or Attorneys' Eyes Only information in the examination or cross-examination of any person who is an author or recipient of the Confidential or Attorneys' Eyes Only information, irrespective of which party produced such information.

## Confidential Information at Trial

18.   Subject to the Federal Rules of Evidence, stamped Confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) days advance notice to counsel for the party or other person that designated the information as Confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential information, and, if so, what protection, if any, may be afforded to such information at the trial.

## Order Applicable to Non-Parties

19.   This order shall be fully applicable to materials produced by or depositions taken of non-parties. Any non-party from whom discovery is sought shall be entitled to designate materials and testimony produced as Confidential or Attorneys' Eyes Only discovery material under this order, and such materials shall be entitled to the same protections as if produced by a party, as provided herein.

## Continuing Jurisdiction

20.   This Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this order.

## Prior Production of Confidential Materials

21.   Materials previously produced in this action and designated Confidential or Attorneys' Eyes Only shall be treated as confidential materials and subject to the terms of this Order.

-8-

LITDOCS/589614.4

| | |
|---|---|
| Agreed to and approved this 19th day of July, 2005, | Agreed to and approved this 19th day of July, 2005, |
| **ENVIRONMENTAL PACKAGING TECHNOLOGIES, INC. and THOMAS P. HAMBLETON,** | **WILLIAM D. EWING, ENVIRO-MEDIA, INC. and JOSEPH TOMLINSON,** |
| By their attorneys, | By their attorneys, |
| /s/ Joseph P. Davis, III (by permission)<br>Gary R. Greenberg, BBO# 209420<br>Joseph P. Davis III, BBO# 551111<br>Jennifer Martin Foster, BBO# 644796<br>GREENBERG TRAURIG, LLP<br>One International Place, Twentieth Floor<br>Boston, Massachusetts 02110<br>(617) 310-6000 | /s/ Melissa Liazos<br>John R. Skelton, BBO# 552606<br>Melissa G. Liazos, BBO# 650564<br>BINGHAM MCCUTCHEN LLP<br>150 Federal Street<br>Boston, MA 02110<br>(617) 985-8000 |

So Ordered this ___ day of _____ 200__,

_____
Hon. George A. O'Toole, United States District Judge

LITDOCS/589614.4

## EXHIBIT A

## UNDERTAKING

The undersigned has read the Stipulated Protective Order, understands its contents, and agrees to make no disclosures of discovery material marked "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" to any person who is not permitted to have access to the information under the Stipulated Protective Order. In addition, the undersigned agrees not to use Confidential or Attorneys' Eyes Only discovery material for any purpose other than in connection with this action. The undersigned understands that a violation of this undertaking could be punishable as a contempt of court and hereby submits to the jurisdiction of the Court for purposes of enforcement of the order.

Name: _____
                        (print or type)
Address:



Signature:_____

Dated: _____, 200__